J-S47016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VAUGHN DARRIUS JOHN FELIX | : | |
| | : | |
| Appellant | : | No. 2595 EDA 2024 |

Appeal from the PCRA Order Entered October 2, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001408-2018

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 17, 2026**

Appellant, Vaughn Darrius John Felix, appeals from the order entered on October 2, 2024, which dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal from the denial of PCRA relief, Appellant's counsel filed a petition to withdraw and a no-merit brief pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  As we conclude that counsel fulfilled the procedural requirements of *Turner*/*Finley* and that this appeal is without merit, we grant counsel's petition to withdraw and affirm the PCRA court's order denying Appellant post-conviction relief.

As this Court previously explained:

> In 2016 and 2017, [Appellant] and co-conspirator, Gregory Lewis, Jr., robbed numerous businesses in Northampton County.  Relevant to this case, during one robbery attempt,

[Appellant] shot and killed an employee of a cell phone store. The police arrested [Appellant] and charged him in several different cases with numerous crimes.

Ultimately, on June 20, 2019, [Appellant] entered guilty pleas in seven cases, including first-degree murder in one of the cases. That same day, in accordance with the terms of the plea, the trial court sentenced [Appellant] to an aggregate sentence of life in prison without the possibility of parole. [Appellant] did not file a direct appeal.

**Commonwealth v. Felix**, 303 A.3d 816, 818 (Pa. Super. 2023).

Appellant filed a timely PCRA petition, where he claimed that his plea counsel provided him with ineffective assistance. **See id.** at 819. Following an evidentiary hearing, the PCRA court denied Appellant's first petition and, on October 2, 2023, this Court affirmed the PCRA court's order. **See id.** Our Supreme Court denied Appellant's petition for allowance of appeal on March 25, 2024. **Commonwealth v. Felix**, 303 A.3d 816 (Pa. Super. 2023), *appeal denied*, 315 A.3d 834 (Pa. 2024).

On June 20, 2024, Appellant filed the current PCRA petition, *pro se*. This constitutes Appellant's second petition under the PCRA. Within the petition, Appellant claimed that his PCRA counsel ("First PCRA Counsel") was ineffective for failing to raise certain claims in his first PCRA petition. **See** Second PCRA Petition, 6/20/24, at 4a. Appellant further claimed:

Pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), [Appellant is raising] claims of ineffective PCRA counsel at the first opportunity for failing to identify and litigate meritorious claims of plea counsel ineffectiveness.

**Id.** at 8.

- 2 -

On July 8, 2024, the PCRA court provided Appellant notice that it intended to dismiss his second PCRA petition in 20 days, without a hearing, as the petition was untimely and Appellant did not plead a valid exception to the PCRA's one-year time-bar. **See** PCRA Court Notice, 7/8/24, at 1; **see also** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on October 2, 2024 and Appellant filed a timely notice of appeal.

While the appeal was pending, this Court ordered the PCRA court to appoint appellate counsel for Appellant. **See** Order, 2/28/25, at 1. The PCRA court appointed current counsel ("Current Counsel") and Current Counsel filed an application to withdraw and a **Turner**/**Finley** brief in this Court.

Prior to addressing the merits of any issues raised in the **Turner**/**Finley** brief, we must determine whether counsel met the procedural requirements necessary to withdraw. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court — [the PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with

- 3 -

counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510–511 (Pa. Super. 2016) (citations and corrections omitted).

Here, counsel fulfilled the procedural requirements necessary for withdrawing as PCRA counsel. We thus turn to the claims raised in the **Turner**/**Finley** brief.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the

- 4 -

PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

On June 20, 2019, the trial court sentenced Appellant to serve an aggregate term of life in prison without the possibility of parole. Appellant did not file a notice of appeal from his judgment of sentence. Thus, for purposes of the PCRA, Appellant's judgment of sentence became final at the end of the day on Monday, July 22, 2019. *See*, *e.g.*, Pa.R.A.P. 903(a); *see also* 1 Pa.C.S.A. § 1908 (computation of time). Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until July 22, 2020 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until June 20, 2024, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

On appeal, Appellant argues that his second PCRA petition is timely, as he currently claims that First PCRA Counsel was ineffective – and, Appellant

- 5 -

claims, this subsequent PCRA petition is his first opportunity to raise an allegation that First PCRA Counsel was ineffective. *See* Second PCRA Petition, 6/20/24, at 8. Specifically, citing to our Supreme Court's opinion in *Bradley*, Appellant claims that his current PCRA petition is timely, as it satisfies the newly-discovered fact exception to the PCRA's one-year time-bar. *See id.*; *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii).

In *Commonwealth v. Laird*, 331 A.3d 579 (Pa. 2025), the Pennsylvania Supreme Court rejected the argument that Appellant currently raises. *See Laird*, 331 A.3d at 594 ("Laird first argues that the decision in *Bradley* extends (or must be extended) to include the opportunity to challenge prior PCRA counsel's effectiveness in a serial PCRA petition, even if it is untimely. However, we agree with the Commonwealth that not only did *Bradley* say no such thing, but that the rationale of that decision cannot be extended to circumvent the PCRA's jurisdictional time-bar").

Examining *Bradley*, the *Laird* Court "first acknowledged that there was no formal mechanism to challenge the effectiveness of PCRA counsel, much less a formal mechanism designed to specifically capture claims of trial counsel ineffectiveness defaulted by initial-review PCRA counsel." *Laird*, 331 A.3d at 595 (quotation marks and citations omitted). Our Supreme Court recognized that the *Bradley* decision "allow[s] a PCRA petitioner to raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal." *Id.* at 597, *citing Bradley*, 261 A.3d at 401. The *Laird* Court noted that the Supreme Court "considered and rejected the approach

suggested by Bradley and endorsed by the Pennsylvania Innocence Project [wherein they] argued that, because PCRA appointments typically 'remain in place through [the PCRA] appeal,' only permitting [ineffective assistance of counsel] claims targeting PCRA counsel during the PCRA appeal 'would not be a workable remedy for an indigent prisoner.'" *Laird*, 331 A.3d at 597; *citing* *Bradley*, 261 A.3d at 387. Our Supreme Court declined to adopt the proposal "that petitioners should be permitted to file a serial PCRA petition invoking the PCRA's 'new fact' exception to the one-year time-bar, [thus] construing PCRA counsel's ineffectiveness as a 'new fact' allowing for the filing of a new PCRA petition [outside the statutory, jurisdictional time constraints of the PCRA]." *Laird*, 331 A.3d at 597. More specifically, our Supreme Court held:

> We have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time-bar. *See* *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) ("Subsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the exception for [newly-discovered facts]."); *Commonwealth v. Pursell*, 749 A.2d 911, 916-917 (Pa. 2000) (finding claim of ineffective assistance of counsel layered upon a claim of trial counsel ineffectiveness was based upon facts that existed at time of trial, and did not fall within the "new facts" exception to the time-bar).
>
> Moreover, in adopting the current approach in *Bradley*, we were mindful that we were balancing "equally legitimate concerns" regarding "a petitioner's right to effective PCRA counsel" and the principle "that criminal matters be efficiently and timely concluded." [*Bradley*, 261 A.3d at 405]. The PCRA's one-year time-bar, expressed unambiguously in Section 9545(b)(1), is the mechanism by which the latter interest is enforced, and our decision in *Bradley* deliberately

avoided confrontation with that legislative mandate by rejecting what was likely a more efficient way of vindicating a petitioner's right to effective assistance by PCRA counsel – permitting a serial petition.

Capturing the resolution of these competing concerns, Justice Dougherty opined in a concurring opinion [in *Bradley*] that our decision did "not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his 'first opportunity to do so.'" *Bradley*, 261 A.3d at 406 (Dougherty, J., concurring). With the appropriate facts before us today, we agree with Justice Dougherty's statement about the limits of our holding in *Bradley*, and further with his representation that "it is well-settled under our precedent that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Id.* at 406-407 (internal citations, brackets, and quotation marks omitted). *Bradley* did not create an exception to the PCRA's time-bar, and we expressly decline to create one today. Although we recognize that the approach we adopted in *Bradley* is far from perfect, only the General Assembly has the power to create timeliness exceptions for this or any other conceivable circumstance in which vindication of the rule-based right to PCRA counsel may be subject to inequity due to the PCRA's time-bar.

. . .

Today, we put to rest any residual doubt regarding *Bradley's* viability as an equitable exception to the PCRA's time-bar. [Ineffective assistance of counsel] claims cannot generate equitable exceptions to the PCRA's time-bar. Because courts lack jurisdiction to hear an untimely PCRA petition, they necessarily lack jurisdiction to consider ancillary matters like [ineffective assistance of counsel] claims.

*Laird*, 331 A.3d at 597–599 (some quotation marks, citations, and corrections omitted).

Given **Laird's** holding, we conclude that Appellant's second PCRA petition is patently untimely, as allegations of ineffectiveness with respect to First PCRA Counsel do not constitute a "new fact" for purposes of the PCRA. Therefore, in this case, Appellant did not plead a valid statutory exception to the PCRA's one-year time-bar. Appellant's petition is thus time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011).

After review, we conclude that Current Counsel complied with the procedural requirements for withdrawing as counsel and, under **Turner/Finley**, the issues Appellant wished to pursue in his PCRA petition have no merit. Accordingly, we grant counsel's petition to withdraw and affirm the order dismissing Appellant's second PCRA petition.

Petition to withdraw as counsel granted. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/17/2026

- 9 -